# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARR-MAZ PRODUCTS, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0319-CVE-FHM |
| | ) |
| SHILLING CONSTRUCTION COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Shilling Construction Company, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the District of Kansas (Dkt. # 10); Plaintiff's Motion to Enjoin Defendant from Prosecuting Second-Filed Action Involving the Same Parties and the Same Subject (Dkt. # 20); and defendant's motion to stay (Dkt. # 29). Defendant Shilling Construction Company, Inc. (Shilling) argues that it is not subject to personal jurisdiction in Oklahoma and, even if it is, this case should be transferred to the District of Kansas for the convenience of the parties and witnesses. Dkt. # 10. Shilling also asserts that this case should be stayed because the same patent infringement issues are also being litigated in an earlier-filed case in the Eastern District of Tennessee. Dkt. # 28, at 2. Plaintiff Arr-Maz Products, L.P. (Arr-Maz) asks the Court to deny Shilling's motions and to enjoin Shilling from attempting to litigate the same issues in a subsequently-filed case in the District of Kansas. Dkt. # 20.

# I.

Arr-Maz is a limited partnership organized under the laws of Delaware, and it maintains its principal place of business in Florida. Dkt. # 2, at 1. Arr-Maz has a Road Science division that is responsible for developing and marketing asphalt and paving technologies, and the Road Science division is based in Tulsa, Oklahoma. Dkt. # 19-6, at 3. Arr-Maz employs approximately 30 people in its Tulsa office. Shilling is a Kansas corporation providing asphalt paving services, and it has its principal place of business in Kansas. Dkt. # 2, at 1. Shilling's part owner, Mike Shilling, states that Shilling performs 95 percent of its business in Kansas. Dkt. # 10-1, at 1. However, Shilling admits that it has worked on at least one road construction project in Latimer County, Oklahoma. Id. at 2. Arr-Maz has also produced evidence that Shilling has bid on at least six other projects for the Oklahoma Department of Transportation and/or the Oklahoma Turnpike Authority in 2012, including one project in Creek County, Oklahoma during June or July 2012. Dkt. # 19-2, at 3-4.

On June 4, 2012, Arr-Maz filed this case seeking monetary damages and injunctive relief for Shilling's alleged patent infringement. The patent at issue, United States Patent No. 7,802,941 ('941 Patent)[1] is entitled "Rut Resistant Coating and Method of Applying Rut Resistant Coating." Dkt. # 2, at 5. The '941 Patent was issued to Road Science, LLC n/k/a $RE^2CON$, LLC ($RE^2CON$).[2] Arr-

---

[1] Patent attorneys are fond of using a backwards apostrophe when omitting all but the final three numbers of a patent. According to The Bluebook (19th ed. 2010) and basic rules of grammar, this is incorrect and an ordinary apostrophe should be used for the short-form citation of a patent. An apostrophe is defined as a punctuation mark that serves the purpose of showing that preceding letters or numbers have been omitted, and this is the correct punctuation to show that certain numbers have been omitted when short-citing a patent. See id. at 220.

[2] Road Science, LLC changed its name to $RE^2CON$, and Arr-Maz states that Road Science, LLC n/k/a $RE^2CON$ is a separate and distinct entity from Arr-Maz's Road Science division. Dkt. # 19-6, at 3 n.1

Maz states that, on August 25, 2011, it entered an Asset Purchase Agreement with RE²CON, and Arr-Maz acquired all rights, title and interest in the '941 Patent, including the "right to sue for and recover any damages for past, present or future infringement of the [']941 Patent." Id. at 2; Dkt. # 19-6, at 3. Arr-Maz alleges that Shilling "has made, used, offered for sale and sold products and methods claimed and protected by the [']941 Patent or that are substantially equivalent to the claimed products." Dkt. # 2, at 3. Shilling allegedly turned down an opportunity to obtain a license from Arr-Maz to use products or methods claimed or protected by the '941 Patent. Id. at 2. The complaint identifies asphalt paving construction projects in Oklahoma, Kansas, and Missouri in which Shilling allegedly used products or methods infringing on '941 Patent.

On June 5, 2012, Arr-Maz's attorney, Robert Fitz-Patrick, e-mailed a copy of the complaint to Shilling's attorney, Phillip Gragson, and asked if Gragson was authorized to accept service of the complaint on behalf of Shilling. Dkt. # 20-2. Gragson responded that he would "get back" with Fitz-Patrick after he had spoken to his client, but he stated that the complaint was missing a couple of pages and he asked Fitz-Patrick to send another copy of the complaint. Dkt. # 20-6. On June 8, 2012, Fitz-Patrick sent another copy of the complaint to Gragson. Dkt. # 20-7. By June 14, 2012, Fitz-Patrick had not received a response from Gragson as to whether Gragson would accept service of the summons and complaint for Shilling. John Heil, another attorney for Arr-Maz, sent an e-mail to Gragson asking if Gragson intended to accept service. Dkt. # 20-9. Gragson responded on June 19, 2012 that he would talk to his client and respond later that day. Id. On June 21, 2012, Gragson advised Heil and Fitz-Patrick that he was not authorized by Shilling to accept service.

However, unknown to Arr-Maz's attorneys, Shilling filed a separate lawsuit in the United States District Court for the District of Kansas on June 12, 2012. Shilling Construction Company

3

v. Arr-Maz Products, L.P., 12-CV-4077-JTM-JPO (D. Kan.) (Kansas case). In the Kansas case, Shilling sought a declaratory judgment that it had not infringed the '941 Patent and that the '941 Patent is invalid. Dkt. # 20-12. Shilling served Arr-Maz by process server on June 13, 2012. Dkt. # 28-7. Gragson was aware of the Kansas case when he was communicating with Fitz-Patrick and Heil, because Gragson is the attorney who signed the complaint in the Kansas case. Dkt. # 20-12, at 6.

There is also a third lawsuit involving the validity of the '941 Patent. In December 2010, Roadtec, Inc. (Roadtec) filed a lawsuit against Road Science, LLC (Road Science), in the United States District Court for the Eastern District of Tennessee, inter alia, challenging the validity and enforceability of the '941 Patent. Roadtec, Inc. v. Road Science, LLC, 10-CV-338 (E.D. Tenn.) (Tennessee case). However, Roadtec is not arguing that the '941 Patent is facially invalid. Instead, Roadtec argues that Road Science's marketing tactics are interfering with Roadtec's right to use methods of road paving not covered by the '941 Patent and that Road Science's patent enforcement activities are harming Roadtec's business. Dkt. # 28-3. On January 13, 2012, Road Science filed a motion to join Arr-Maz and Arr-Maz Custom Chemicals, Inc. as parties in the Tennessee case, but the motion remains pending. At the present time, neither Arr-Maz nor Shilling is a party in the Tennessee case.

## II.

As to defendant's motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an

4

evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citations omitted). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. at 1091. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The allegations of the complaint must be accepted as true to the extent they are uncontroverted by a defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990). If the parties provide conflicting affidavits, all factual disputes must be resolved in plaintiff's favor and a prima facie showing of personal jurisdiction is sufficient to overcome defendant's objection. Id.

As to defendant's motion to transfer venue under 28 U.S.C. § 1404, defendant bears the burden to establish that plaintiff's chosen forum is inconvenient, and plaintiff's choice of forum is given considerable weight. Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). A court should not transfer venue merely to shift the inconvenience of litigating from one party to another, and the party seeking a transfer of venue must make a strong showing that the forum is inconvenient. Employers Mut. Cas. Co. v. Bartile Roofs, 618 F.3d 1153, 1168 (10th Cir. 2010). When reviewing a motion to transfer venue under § 1404, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. Huang v. Napolitano, 721 F. Supp. 2d 46, 48 n.3 (D.D.C. 2010); United States v. Gonzalez & Gonzales Bonds and Ins. Agency, Inc., 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010).

**III.**

Shilling has filed a motion to dismiss on the ground that it is not subject to personal jurisdiction in the Northern District of Oklahoma. Dkt. # 10. Shilling argues that its sole connection to Oklahoma is an Oklahoma Department of Transportation road construction project in Latimer County and that it has no other contacts with Oklahoma. Id. at 4-5. In the alternative, Shilling asks to transfer the case to the District of Kansas for the convenience of the parties and witnesses. Shilling claims that it does not regularly conduct business in Oklahoma, and its employees, equipment, and records are located in Kansas. Dkt. # 10, at 2. Arr-Maz asks the Court to enjoin Shilling from prosecuting the Kansas case under the first to file rule. Dkt. # 20.

**A.**

Shilling claims that it is not subject to personal jurisdiction in the Northern District of Oklahoma, because it does not have a presence in Oklahoma and its sole contact with Oklahoma was a road construction project located in the "Southern District of Oklahoma."[3] Dkt. # 10, at 2. Arr-Maz responds that the complaint identifies at least one road construction project in Oklahoma in which Shilling allegedly violated the '941 Patent, and this alone is sufficient to show that Shilling is subject to specific personal jurisdiction in Oklahoma. Dkt. # 19, at 7. Arr-Maz also argues that

---

[3]    The Court has reviewed an official map of the judicial districts of the federal court system and has been unable to locate a "Southern District of Oklahoma." In any event, it is irrelevant what district within Oklahoma the road construction project was performed, because the relevant analysis is whether Shilling has sufficient contacts with the "forum state" to support the exercise of personal jurisdiction. See Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244 (10th Cir. 2000) (considering whether the defendant had sufficient minimum contacts with Oklahoma, rather than the specific judicial district in which the case was filed).

6

Shilling routinely bids on and works on road construction projects in Oklahoma, and that the Court can exercise general personal jurisdiction over Shilling. Id. at 8-10.

For a court to exercise personal jurisdiction over a nonresident defendant,[4] plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See OKLA. STAT. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, 205 F.3d at 1247 (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. A court "may, consistent

---

[4] Under 28 U.S.C. § 1338, this Court has original jurisdiction over "any claim for relief arising under any Act of Congress relating to patents . . . ." A civil action for alleged patent infringement "may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400. Section 1400 is a venue provision only and the Court must determine whether defendant is subject to personal jurisdiction in Oklahoma under the Due Process Clause. See Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124 (9th Cir. 2010).

7

with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Id. at 1247 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. at 1247 (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)).

Arr-Maz argues that Shilling is subject to personal jurisdiction in Oklahoma, because the complaint identifies a specific road construction project that took place in Oklahoma and that this contact gives rise to Arr-Maz's patent infringement claim. Shilling's sole argument against the exercise of specific personal jurisdiction is that the road construction project identified in the complaint occurred in the "Southern District of Oklahoma," and Shilling could not reasonably have foreseen being haled into court in the Northern District of Oklahoma. Dkt. # 10, at 4-5. As the Court has already noted, there is no "Southern District of Oklahoma" and, even if there were such a judicial district, the personal jurisdiction analysis focuses on the forum state rather that the specific district in which a case was filed. See supra, at 6 n.3. In a patent infringement case, the jurisdictional analysis focuses on the place where the alleged infringement occurred, rather than the domicile of the infringing party. North American Philips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1579 (Fed. Cir. 1994). The Court must consider where the alleged infringer directed its activities, such as where the sale of an allegedly infringing product took place, in determining whether the infringer purposefully directed its activities toward a particular forum. See Pan-

American Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 685 (M.D.N.C. 2011); Oticon, Inc. v. Sebotek Hearing Systems, LLC, ___ F. Supp. 2d ___, 2011 WL 3702423 (D.N.J. 2011). In this case, Arr-Maz alleges that Shilling worked on a road construction project in Oklahoma and that Shilling's actions in Oklahoma infringed on '941 Patent. Dkt. # 2, at 3. Patent infringement is treated as intentional tort directed at the forum where the infringement occurred. North American Philips Corp., 35 F.3d at 1579. Shilling contends that it did not infringe the patent but, at this stage of the case, the Court must accept the well-pleaded allegations of the complaint as true. Dkt. # 24, at 9. For the purpose of ruling on Shilling's motion to dismiss, the Court accepts as true that Shilling infringed the '941 Patent and that at least one act of patent infringement occurred in Oklahoma. Thus, Arr-Maz has alleged that Shilling purposefully directed its activities to Oklahoma and that Arr-Maz's patent infringement claim arises out of this contact, and the Court finds that Shilling's alleged act of patent infringement in Oklahoma is sufficient for the Court to exercise specific personal jurisdiction over Shilling. See Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011).

Even if the Court were to find that specific personal jurisdiction were lacking, Arr-Maz also argues that Shilling is subject to general personal jurisdiction in Oklahoma based on Shilling's continuous and systematic contacts with the state. A court may exercise general personal jurisdiction over a non-resident defendant, even if the defendant's forum activities did not give rise to the case, when the defendant's contacts with the forum are so systematic and continuous that it could reasonably foresee being haled into court in the forum state. OMI Holdings, Inc., 149 F.3d at 1090. Shilling's part owner, Mike Shilling, states that Shilling performs 95 percent of its work in Kansas and that it did not foresee being haled into court in Oklahoma. Arr-Maz responds that

9

Shilling has bid for and completed work on at least six asphalt paving projects in Oklahoma during 2012, and that Shilling was working in Oklahoma as recently as June or July 2012. Dkt. # 19-2, at 3-4. This contradicts Shilling's statement that it does not regularly solicit work in Oklahoma, and the Court must resolve factual disputes in favor of the non-moving party when ruling on a motion to dismiss for lack of personal jurisdiction. Taylor, 912 F.2d at 431. It is undisputed that Shilling's employees, equipment, and records are located in Kansas and that the majority of its business takes place in Kansas. However, it appears that Shilling regularly works on road construction projects in Oklahoma and that Shilling could reasonably expect to be subject to personal jurisdiction in Oklahoma. For example, Shilling could reasonably foresee having to defend against claims of defective workmanship or breach of contract in Oklahoma based on the six asphalt paving projects in 2012. These contacts are sufficiently systematic and continuous to establish that Shilling could reasonably expect to be haled into court in Oklahoma, and the Court could also exercise general personal jurisdiction over Shilling.

Even though the Court has found that it has personal jurisdiction over defendant, the Court must also consider whether the exercise of personal jurisdiction over defendant "comport[s] with 'fair play and substantial justice.'" Trujillo v. Williams, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1359 (10th Cir. 1990)). The Court must consider five factors to determine if the exercise of personal jurisdiction over defendant would be reasonable:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

Id. (quoting Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1279-80 (10th Cir. 2005)). The Tenth Circuit has stated that a defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable" and "[s]uch cases are rare." Rusakiewicz v. Lowe, 556 F.3d 1095, 1102 (10th Cir. 2009). The reasonableness prong of the due process inquiry "evokes a sliding scale," and a defendant may need less to defeat a showing of personal jurisdiction if the plaintiff's showing of minimum contacts is relatively weak. TH Agriculture & Nutrition, LLC, 488 F.3d at 1292.

Shilling offers no argument as to any of the Trujillo factors and the Court will not supply arguments on Shilling's behalf, but the Court will briefly consider whether it would be consistent with traditional notions of fair play and substantial justice to require Shilling to defend against Arr-Maz's claim of patent infringement in this Court. Shilling may face some burden by litigating in this Court, because its employees and other sources of evidence are located in Kansas. However, Shilling regularly works in Oklahoma and it does not appear that Shilling will face an undue burden by litigating this case in Oklahoma. Arr-Maz maintains a presence in Oklahoma through its Road Science division and it employs at least 30 employees in Tulsa, and the forum state has an interest in resolving this case. This Court will be able to efficiently hear this case and grant full relief to either party, and proceeding with this case in Oklahoma will not negatively impact the interstate judicial system or the shared interests of the states. Thus, the Court does not find that traditional notions of fair play and substantial justice require dismissal of this case.

**B.**

Shilling also asks the Court to transfer this case to the District of Kansas for the convenience of the parties and witnesses. Dkt. # 12. Under 28 U.S.C. § 1404(a),[5] a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." The Tenth Circuit has identified several factors that should be considered by a district court in ruling on a motion to transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993). Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Scheidt, 956 F.2d at 965. "Merely shifting the inconvenience from

---

[5]  In its reply (Dkt. # 24), Shilling argues that its request for transfer of venue should be considered under 28 U.S.C. § 1406, because venue is improper in this district. However, under 28 U.S.C. § 1391(c), a corporation "resides" in any judicial district in which it is subject to personal jurisdiction, and § 1400, the patent venue statute, has been interpreted to incorporate the definition of "resides" stated in § 1391(c). See Brayton Purcell, 606 F.3d at 1126. As the Court has already determined that it has personal jurisdiction over Shilling, venue is also proper in the Northern District of Oklahoma. Thus, Shilling's request for transfer of venue should be considered under § 1404.

one side to the other, however, obviously is not a permissible justification for a change of venue." Id.

Shilling argues that Arr-Maz's choice of forum is entitled to little deference because Arr-Maz does not reside in the Northern District of Oklahoma. A plaintiff's choice of forum is generally given significant deference, but this deference is lessened if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." Employers Mut. Cas., Co., 618 F.3d at 1168. Arr-Maz is a limited partnership organized under the laws of Delaware and it maintains its principal place of business in Florida. Dkt. # 2, at 1. Shilling also points out that the road construction project referenced in the complaint was performed in Latimer County, Oklahoma, and Latimer County is in the Eastern District of Oklahoma. Dkt. # 24. However, Arr-Maz maintains its Road Science division in Tulsa and it employs at least 30 employees in its Tulsa office. Dkt. # 19-6, at 3. The Road Science division "develops, markets, uses, licenses and supports through technical services certain asphalt recycling and paving technologies, techniques and processes, including, but not limited to, the patented products and methods of the [']941 Patent." Dkt. # 19-6, at 3. This provides a substantial local connection to the case. The Court finds that Arr-Maz's choice of forum should be given somewhat reduced deference, but the Court rejects Shilling's request to give plaintiff's choice of forum little or no deference. While Arr-Maz is not a purely local company, Arr-Maz maintains a presence in the Northern District of Oklahoma and it does not appear that Arr-Maz has selected a forum in bad faith or for the sole purpose of inconveniencing Shilling.

Shilling argues that the convenience of the parties and witnesses strongly favors transfer of venue, because Shilling and its employees are located in Kansas and Shilling maintains its records

13

in Kansas. Dkt. # 10. However, Shilling has not identified any specific witness with information relevant to Arr-Maz's patent infringement claim who is located in Kansas. The Tenth Circuit directs district courts to consider not only the number of witnesses located in another forum, but also the "quality or materiality of the testimony" of the out-of-state witnesses, the willingness of those witnesses to come to the forum state, whether deposition testimony would be satisfactory, and whether it would necessary to subpoena the out-of-state witnesses. Scheidt, 956 F.2d at 966. Shilling offers no evidence allowing the Court to consider any of these factors. Arr-Maz argues that its Road Science division is located in Tulsa, and that its Tulsa employees have substantial knowledge of the '941 Patent and Shilling's alleged patent infringement. Dkt. # 19, at 12. This suggests that Arr-Maz will be inconvenienced if it is required to litigate this case in Kansas. At most, Shilling has shown that it would be more convenient for Shilling to litigate this case in the District of Kansas. However, the Court will not transfer venue merely to shift the burden of litigating from one party to the other, and the Court does not find that the convenience of the parties and witnesses favors transfer of venue.

Shilling's final argument is that judicial economy supports a transfer of venue, because this case can be consolidated with the Kansas case if Shilling's request for a transfer of venue is granted. As the Court will explain in greater detail below, the Kansas case should be treated as the later-filed case and the Court does not find that judicial economy is a valid reason to transfer venue over this earlier-filed case to the District of Kansas. If Shilling is truly concerned about judicial economy, Shilling has the option to request a transfer of its later-filed case to the Northern District Oklahoma or to dismiss its duplicative lawsuit and assert counterclaims in this case. It would also not be appropriate for this Court to transfer an earlier-filed case to another district when there is at least

14

some evidence suggesting that Shilling's attorney was engaging jurisdictional gamesmanship. The Court has also considered the remaining Chrysler Credit factors, and finds no other factors that would support Shilling's request to transfer this case to the District of Kansas. Neither party has raised any issues concerning the enforceability of a judgment entered by this Court or any obstacles to a fair trial in this district. There are no conflict of law issues, because this is a patent case involving the application of federal law. There are also no issues concerning difficulties caused by the Court's docket or any other practical considerations that support transfer of venue.

Considering all of the parties' arguments and the Chrysler Credit factors, the Court finds that Shilling's request to transfer venue should be denied. Shilling has not shown that it would be substantially more convenient for the parties or witnesses if this case were transferred to the District of Kansas, and this appears to be a situation when transfer is being requested solely to shift any inconvenience from one party to the other.

## C.

Arr-Maz asks the Court to enjoin Shilling from proceeding with the Kansas case, because this case was filed first and it would be a waste of the parties' resources to litigate the same issues in two courts. Dkt. # 20. Shilling responds that this case should be stayed while the Tennessee case proceeds and, if the Court declines to stay this case, it should be left up to presiding judge in the Kansas case whether to stay or dismiss that case. Dkt. # 28.

"The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965). A federal district court "which obtains jurisdiction of parties and issues may

preserve its jurisdiction by enjoining proceedings involving the same issues and parties, begun thereafter" in another federal district court. Shannon's Rainbow, LLC v. Supernova Media, Inc., 683 F. Supp. 2d 1261, 1278 (D. Utah 2010). A district court should consider three factors when determining if the first to file rule applies: "(1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." Id. The Court must look to the filing date of the complaints in both cases to determine which case was filed first. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982) (rejecting argument that case in which defendant was served first should have priority and clarifying that the filing of the complaint is the event used to establish priority of cases). However, the first to file rule is not mandatory and, instead, is a general rule of deference in cases involving overlapping parties and issues. See Cherokee Nation v. Nash, 724 F. Supp. 2d 1159 (N.D. Okla. 2010); see also O'Hare Int'l Bank v. Lambert, 459 F.2d 328, 331 (10th Cir. 1972) ("The rule of comity is a self-imposed restraint upon an authority actually possessed. The abstention doctrine is not an automatic rule; it rather involves a discretionary exercise of the court's equity powers where there exist special circumstances prerequisite to its application on a case-by-case basis.").

The Court will initially dispose of Shilling's argument that the Tennessee case is the "first-filed" case for the purpose of Arr-Maz's motion and Shilling's request to stay this case while the Tennessee case proceeds. See Dkt. # 29. A comparison of the complaints in this case and the Tennessee case shows that the same issues are not being litigated in both cases. In this case, Arr-Maz argues that Shilling's methods and practices for asphalt paving are infringing on the '941 Patent. The Tennessee case concerns Roadtec's allegations that Road Science used improper marketing tactics that interfered with Roadtec's right to use non-infringing methods, and it

16

essentially alleges that Road Science used the '941 Patent to effect a restraint on trade. Dkt. # 28-3. Even if Roadtec prevails in the Tennessee case, the '941 Patent would not be declared facially invalid and it could be enforceable in other circumstances. Neither Shilling nor Arr-Maz is a party in the Tennessee case. This case and the Tennessee case involve different factual and legal issues, and the Court finds that the Tennessee case should not be treated as the "first-filed" case between Shilling and Arr-Maz. Based on this finding, the Court declines to stay this case while the Tennessee case proceeds and Shilling's motion to stay (Dkt. # 29) should be denied.

The Court will consider whether Shilling should be enjoined from proceeding with the Kansas case. Application of the first to file rule clearly shows that this case was filed before the Kansas case and it should be treated as the first-filed case when ruling on Arr-Maz's motion (Dkt. # 20). This case was filed on June 4, 2012, and the Kansas case was filed on June 12, 2012. The parties agree that this case and the Kansas case involve identical parties and the same factual and legal issues will be litigated in both cases. Dkt. # 10, at 13; Dkt. # 20, at 6. In fact, Shilling relies on the "duplicative" nature of the Kansas case in support of its request to transfer venue. Dkt. # 10, at 13. Based on the earlier filing date of this case, the identity of the parties in both cases, and the complete overlap of issues, it is clear that the cases are substantially similar and this case should be treated as the first-filed case. However, the Court declines to enjoin Shilling from prosecuting the Kansas case. While this Court may have the discretion to issue the injunction requested by Arr-Maz, such discretion should be rarely exercised "due to philosophical concerns regarding one court's control over another . . . ." Shannon's Rainbow, LLC, 683 F. Supp. 2d at 1279. The parties have presented no evidence that the Kansas case is proceeding or that Arr-Maz will be prejudiced unless its request for an injunction is granted. Quite to the contrary, a review of the docket sheet in the

Kansas case shows that Arr-Maz has filed a motion to dismiss, transfer, or stay the Kansas case, and the presiding judge in the Kansas case should be permitted to consider the appropriate course of action in that case. Thus, the Court finds that Arr-Maz's motion (Dkt. # 20) to enjoin Shilling from prosecuting the Kansas case should be denied.

**IT IS THEREFORE ORDERED** that Defendant Shilling Construction Company, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer to the United States District Court for the District of Kansas (Dkt. # 10), Plaintiff's Motion to Enjoin Defendant from Prosecuting Second-Filed Action Involving the Same Parties and the Same Subject (Dkt. # 20), and defendant's motion to stay (Dkt. # 29) are **denied**.

**DATED** this 24th day of October, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE